**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MYNOR SUCUS SAJBOCHOL,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:26-CV-2379-D-BK** |
| | § | |
| **WARDEN PRAIRIELAND DETENTION** | § | |
| **CENTER, ET AL.,** | § | |
| **RESPONDENTS.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

## I. BACKGROUND

On July 16, 2026, Petitioner Mynor Sucus Sajbochol, an alien detainee in the custody of Immigration and Customs Enforcement ("ICE") at the Prairieland Detention Center, filed his petition for writ of habeas corpus, challenging his detention pending removal. Doc. 1 at 2. He alleges that his continued detention by ICE violates his substantive and procedure due process

[1] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES (providing that the § 2254 rules also apply to habeas petitions not covered under § 2254); and Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

rights under the Fifth Amendment, Doc. 1 at 5-6, and seeks immediate release from detention or a second bond hearing. Doc. 1 at 7

In early 2026, Sajbochol filed a § 2241 habeas petition in the U.S. District Court for the Western District of Oklahoma, where he was then detained, and the court ordered a bond hearing under 8 U.S.C. § 1226(a) within three business days. *Sajbochol v. Figueroa*, No. 5:26-cv-193, 2026 WL 1232030, at *2 (W.D. Okla. May 5, 2026) (Dkt. 17 at 3). Sajbochol concedes that an immigration judge (IJ) held a bond hearing on May 12, 2026, and denied bond. Doc. 1 at 2, 5. He alleges, however, that he was unable to present documents at the bond hearing to support his request but has now retained an attorney who can provide documentation that he was a resident alien since 2013 and had community ties and no criminal record. Doc. 1 at 2, 5-6.

Sajbochol admits, and online records confirm, that an IJ ordered his removal on April 17, 2026, and a BIA appeal is now pending. Doc. 1 at 3-4 (detailing grounds raised in the BIA appeal, including denial of asylum and withholding of removal under Convention Against Torture).

## II. ANALYSIS

As noted *supra*, U.S. District Court for the Western District of Oklahoma granted Sajbochol a bond hearing, concluding he was detained under 8 U.S.C. § 1226(a). That statute provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* Section 1226(e) also states that "[t]he Attorney General's discretionary judgment regarding [detention of aliens under § 1226] is not subject to review." 8 U.S.C. § 1226(e). "No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation,

or denial of bond or parole." *Id.* Any alien who is dissatisfied with the detention decision may seek re-determination by the immigration judge. 8 C.F.R. § 1003.19. And, if not satisfied with the result, he may appeal to the BIA. 8 C.F.R. § 1236.1(d)(3); 8 C.F.R. § 1003.38.

Although Sajbochol attempts to raise a constitutional claim here, he essentially challenges the IJ's decision to deny a bond and detain him under § 1226(a). Liberally construing his petition to challenge the IJ's bond determination, this Court lacks jurisdiction to review that decision under § 1226(e). *See Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000) (finding that § 1226(e) bars review of the Attorney General's discretionary judgment regarding the application of § 1226(a)); *see also Najeeb v. US Att'y*, No. 6:21-CV-00030-H, 2022 WL 22891044, at *2 (N.D. Tex. June 21, 2022) (dismissing for lack of jurisdiction under § 1226(e) the habeas corpus petition of an immigration detainee who challenged the decision to deny release on bond); *Maramba v. Mukasey*, No. 3:08-cv-351-K, 2008 WL 1971378, at *3 (N.D. Tex. Apr. 28, 2008) (same).

Further, Petitioner has been granted the process he is due under the law. He requested and received a bond hearing and apparently opted not to appeal the adverse ruling. *See Najeeb*, No. 6:21-CV-00030-H, 2022 WL 22891044, at *2. Nevertheless, this Court lacks jurisdiction to review the IJ's bond-denial decision under § 1226(e).[2]

[2] Although not germane to the Court's decision herein, because Sajbochol is now detained in Texas, the binding precedent of the United States Court of Appeals for the Fifth Circuit governs the issue of detention. Unlike the Tenth Circuit Court of Appeals, the Fifth Circuit has held that unadmitted aliens, like Sajbochol, are subject to mandatory detention under 8 U.S.C. § 1225 without bond for the pendency of their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 501-08 (5th Cir. 2026), *pet. for writ of certiorari filed* (July 10, 2026) (No. 26-43). Notably, the Fifth Circuit recently granted rehearing en banc of the panel decision regarding due process claims of unadmitted aliens. *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

## III. CONCLUSION

For the foregoing reasons, Sajbochol's petition for a writ of habeas corpus should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* 8 U.S.C. § 1226(e); FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 31, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).